UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF ILLINOIS
URBANA DIVISION

| | |
|---|---|
| JASON GMOSER, | ) |
|     Plaintiff, | ) Case No. 20-cv-1294 |
| vs. | ) |
| | ) Chief Judge Sara Darrow |
| STUART INMAN, | ) |
| CLASS OFFICER MARTIN, | ) |
| | ) JURY TRIAL DEMANDED |
|     Defendants. | ) |

## MOTION FOR SUMMARY JUDGMENT

NOW COMES Defendant SHERRY MARTIN by and through her attorneys, MICHAEL D. BERSANI and CHRISTIAN E. KETTER of HERVAS, CONDON & BERSANI, P.C., and, pursuant to Federal Rule of Civil Procedure 56 and Local Rule 7.1, moves this Honorable Court for an order granting summary judgment in her favor.

## INTRODUCTION

*Pro se* Plaintiff Jason Gmoser, currently incarcerated at the Livingston County Jail ("LCJ"), filed suit pursuant to 42 U.S.C. § 1983 against Defendant Correctional Officer Sherry Martin. Plaintiff alleged that he was indicted on federal pornography charges and was labelled a sex offender, that he made repeated requests to Martin, who was a classification officer, for protective housing which were not productive, and that, as a result, he was attacked by another inmate. However, Plaintiff never submitted a jail grievance about Martin or any of the issues raised in his lawsuit.  Officer Martin now moves for summary judgment because Plaintiff failed to exhaust LCJ's internal administrative grievance procedures relating to his claim against

Martin. This suit, therefore, is barred by the Prison Litigation Reform Act ("PLRA"), 42 U.S.C. 1997e(a).[1]

## STATEMENT OF UNDISPUTED MATERIAL FACTS

1. Plaintiff Jason Gmoser is an inmate at the Livingston County Jail ("LCJ") (Affidavit of Stewart Inman, ¶ 12, attached as Exhibit A).

2. Defendant Sherry Martin is a Correctional Officer (Ex. A, Inman Aff., ¶ 4)

3. Stewart Inman is the Jail Superintendent (Ex. A, Inman Aff., ¶ 1).

4. Inman is responsible for overseeing the operations of the jail and maintaining inmate admission, booking, and administrative records (Ex. A, Inman Aff., ¶ 2).

5. The LCJ provides a Detainee Handbook to each detainee on the kiosk in the jail, and the Handbook contains instructions for how detainees can grieve problems and complaints at the jail (Ex. A, Inman Aff., ¶ 5-7; Livingston County Jail Detainee Handbook, pp. 7-8, attached as Exhibit B).

6. Detainees may submit grievances at any time electronically at the kiosk in the cellblock, which automatically forwards the grievances to the grievance officers. Staff or other detainees may assist the detainee with filing the grievance (Ex. A, Inman Aff., ¶ 7; Ex. B, Detainee Handbook, p. 7-8).

7. Pursuant to the Detainee Handbook, detainees are required to submit grievances within five days of the incident prompting the grievance (Ex. A, Inman Aff., ¶ 8; Ex. B, Detainee Handbook, p. 7-8).

---

[1] Should this motion be denied, Defendant anticipates conducting fact discovery and filing a second motion for summary judgment on the merits of Plaintiff's claim.

8. Grievances must contain only one issue or concern and must not contain abusive or harassing language (Ex. A, Inman Aff., ¶ 8; Ex. B, Detainee Handbook, p. 7-8).

9. If the detainee is dissatisfied with the resolution of the grievance, he is required to submit an appeal to the Jail Superintendent within 5 days (Ex. A, Inman Aff., ¶ 9; Ex. B, Detainee Handbook, p. 7-8).

10. If the detainee is still not satisfied with the Jail Superintendent's response to the appeal, the detainee may appeal that decision in writing to the Office of Jail and Detention Standards, whose address is provided in the Detainee Handbook (Ex. A, Inman Aff., ¶ 9; Ex. B, Detainee Handbook, p. 7-8).

11. Requests and grievances are not the same. Grievances are an internal, confidential process for the resolution of detainee complaints. It is not a process to request services. A request can be handled by a regular correctional officer, while a grievance must be handled by a grievance officer (Ex. A, Inman Aff., ¶ 10; Ex. B, Detainee Handbook, p. 7-8).

12. Plaintiff was familiar with the LCJ grievance procedures while detained at the LCJ, as he has submitted over 350 requests and 33 grievances on a variety of issues (Ex. A, Inman Aff., ¶ 13)

13. On June 1, 2020, a physical altercation occurred between Plaintiff and inmate Ellezer Torres. Torres called Plaintiff a "chomo" and told Plaintiff that others did not want to be near him. Plaintiff responded to Torres, "the Mexicans ran me out of my unit." Torres responded, to Plaintiff "dude you said the wrong thing." Torres then punched Plaintiff several times after Plaintiff pressed the intercom button to alert officers. Officers responded and broke up this altercation, removing Torres from the cellblock and taking Gmoser to the medical unit for treatment. (Ex. A, Inman Aff., ¶ 14; Incident Report, dated 6/1/20, attached hereto as Exhibit C)

14. Plaintiff has never filed any grievance mentioning or referring to Officer Sherry Martin, complaining that Martin or any other correctional officer denied any requests for protective housing, or stating that Torres posed a threat of physical harm or had threatened any physical harm to him. (Ex. A, Inman Aff., ¶ 15; Plaintiff's Grievances, attached hereto as Group Exhibit D).

15. Plaintiff did not file any grievance of any kind within five days of the June 1st incident. (Ex. A, Inman Aff., ¶ 16; Ex. D, Pl's Grievances).

16. Plaintiff has never filed any appeal relating to any grievance that he has filed (Ex. A, Inman Aff., ¶ 17).

17. Plaintiff has not filed any appeal to the Office of Jail and Detention Standards (Ex. A, Inman Aff., ¶ 18).

## **SUMMARY JUDGMENT STANDARD**

Summary judgment is proper if the pleadings, depositions, answers to interrogatories and admission on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact, and that the moving party is entitled to a judgment as a matter of law. Fed. R. Civ. P. 56(c). The mere existence of a factual dispute will not preclude the granting of a motion for summary judgment where the dispute does not involve a material fact. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 247-48 (1986). Material facts are identified by the substantive law involved, and in order to constitute a "genuine issue," the evidence must be such that a reasonable jury could return a verdict for the nonmoving party. *Id.*

# ARGUMENT

## PLAINTIFF FAILED TO EXHAUST ADMINISTRATIVE REMEDIES AND THUS HIS SUIT IS BARRED UNDER THE PRISON LITIGATION REFORM ACT

Section 1997e(a) of the Prison Litigation Reform Act ("PLRA") mandates that "no action shall be brought with respect to prison conditions . . . by a prisoner confined in any jail, prison, or other correctional facility until such administrative remedies as are available are exhausted." 42 U.S.C. 1997e(a). Exhaustion is a condition precedent to filing suit in federal court. *Perez v. Wisc. Dep't of Corr.*, 182 F.3d 532, 535 (7th Cir. 1999). This exhaustion requirement applies to all inmate suits regarding prison life when a prisoner is seeking monetary damages. *See Porter v. Nussle*, 534 U.S. 516, 532 (2002); *Smith v. Zachary*, 255 F.3d 446, 449-50 (7th Cir. 2001); *Terry v. Walker*, No. 07-1337, 2009 WL 1329144, *2 (C.D. Ill. May 12, 2009) (*citing Booth v. Churner*, 121 S. Ct. 1819 (2001)). To meet this exhaustion requirement, "a prisoner must comply strictly with the prison's administrative rules by filing grievances and appeals as the rules dictate." *Reid v. Balota*, No. 19-1396, at *7 (7th Cir. June 16, 2020) (*citing Woodford v. Ngo*, 548 U.S. 81, 90-91 (2006); *Pozo v. McCaughtry*, 286 F.3d 1022, 1024 (7th Cir. 2002). When "undisputed evidence demonstrates that [a plaintiff] did not properly exhaust his administrative remedies as to the claims asserted in this lawsuit before he filed it . . . [it] must be dismissed." *Bowens v. Livingston County Jail*, No. 20-CV-1093-CSB, slip op. at 8 (C.D. Ill. Aug. 03, 2020) (granting Livingston County Jail's motion for summary judgment due to plaintiff's failure to exhaust administrative remedies).

The LCJ offers an organized internal grievance procedure, which provides for the electronic submittal of grievances and an appeal process if the resolution is unsatisfactory (Def.'s SOF, ¶ 5-11). Detainees are informed of the grievance procedure in the Detainee Handbook,

which is provided to each detainee at the kiosk (*id.*, ¶ 5). The Handbook explains that detainees with a complaint or problem must submit a grievance through the kiosk in the cellblock within five days of the incident underlying the grievance (*id.*, ¶ 7). Detainees are instructed that grievances may only contain one issue and cannot contain abusive or harassing language (*id.*, ¶ 8). If a detainee is dissatisfied with the grievance's resolution, he may appeal to the Jail Superintendent within five working days of the response to his grievance (*id.*, ¶ 9). If the detainee is not satisfied with the Superintendent's response, he must appeal to the Office of Jail and Detention Standards (*id.*, ¶ 10).

Plaintiff clearly understood the internal grievance process. He has submitted thirty-three grievances while detained at the LCJ (*id.*, ¶ 12). Not one of his grievances addressed the issues alleged in this lawsuit (*id.*, ¶ 14-15; Group Ex. D). Plaintiff failed to submit any grievance about Defendant Martin, or his alleged repeated requests to her for protective custody, or any denial of those requests. (*id.*) Nor did he submit any grievances about any fears he had about being attacked because of his sexual preferences or any grievance within 5 days after the June 1st attack about any failure to protect him (*id.*[2]) Plaintiff did not give jail officials the opportunity to address his complaints internally before filing suit. *See Woodford*, 548 U.S. at 93 (the PLRA seeks to afford correctional officials time and opportunity to address complaints internally before allowing the initiation of a lawsuit). Thus, he failed in his burden to "properly exhaust his administrative remedies before he can proceed on these claims." *Bowens*, slip op. at 8.

---

[2] Plaintiff cannot argue that he did not know about the consequences of failing to comply with the 5-day grievance requirement. Over a year earlier, on March 4, 2019, he submitted a grievance about being placed in segregation on February 10, 2019 (Group Ex. D, Pl's Grievances, p. 16). The next day, on March 5, 2019, he was informed that his grievance was untimely. (*id*)

## **CONCLUSION**

For the foregoing reasons, Defendant's Motion for Summary Judgment should be granted, and judgment should be entered in favor of Defendant.

Respectfully submitted,

**s/Michael D. Bersani**
MICHAEL D. BERSANI, ARDC No. 06200897
CHRISTIAN E. KETTER, ARDC No.
*Attorneys for Defendants*
HERVAS, CONDON & BERSANI, P.C.
333 W. Pierce Road, Suite 195
Itasca, IL 60143-3156
P: 630-773-4774     F: 630-773-4851
mbersani@hcbattorneys.com
cketter@hcbattorneys.com

# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF ILLINOIS
# URBANA DIVISION

| | |
|---|---|
| JASON GMOSER, | ) |
| | ) |
| Plaintiff, | ) Case No. 20-cv-1294 |
| | ) |
| vs. | ) |
| | ) Chief Judge Sara Darrow |
| STUART INMAN, | ) |
| CLASS OFFICER MARTIN, | ) |
| | ) JURY TRIAL DEMANDED |
| Defendants. | ) |

## CERTIFICATE OF COMPLIANCE WITH LOCAL RULE 7.1(B)(4), (D)(5)

The undersigned counsel for Defendant does hereby certify, the "Argument" Section of the Defendant's Motion for Summary Judgment does not exceed 15 pages in length.

Respectfully submitted,

**s/Michael D. Bersani**
MICHAEL D. BERSANI, ARDC No. 06200897
CHRISTIAN E. KETTER, ARDC No.
*Attorneys for Defendants*
HERVAS, CONDON & BERSANI, P.C.
333 W. Pierce Road, Suite 195
Itasca, IL 60143-3156
P: 630-773-4774     F: 630-773-4851
mbersani@hcbattorneys.com
cketter@hcbattorneys.com

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF ILLINOIS
URBANA DIVISION

| | |
|---|---|
| JASON GMOSER, | ) |
| | ) |
| Plaintiff, | ) Case No. 20-cv-1294 |
| | ) |
| vs. | ) |
| | ) Chief Judge Sara Darrow |
| STUART INMAN, | ) |
| CLASS OFFICER MARTIN, | ) |
| | ) JURY TRIAL DEMANDED |
| Defendants. | ) |

**CERTIFICATE OF SERVICE**

I hereby certify that on **December 9, 2020**, I electronically filed the foregoing *Defendant Sherry Martin's Motion for Summary Judgment pursuant to the PRLA* with the Clerk of the District Court for the Central District of Illinois, using the CM/ECF system, and I sent the following to the non-CM/ECF participant, via certified mail, return receipt requested:

**TO:** Jason T Gmoser
Livingston County Jail
Livingston County Sheriffs Office
844 W Lincoln St
Pontiac, IL 61764
*Pro se Plaintiff*

                                               **/Michael D. Bersani**
MICHAEL D. BERSANI, ARDC No. 06200897
CHRISTIAN E. KETTER, ARDC No.
*Attorneys for Defendants*
HERVAS, CONDON & BERSANI, P.C.
333 W. Pierce Road, Suite 195
Itasca, IL 60143-3156
P: 630-773-4774     F: 630-773-4851
mbersani@hcbattorneys.com
cketter@hcbattorneys.com