UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF ILLINOIS
URBANA DIVISION

| | |
|---|---|
| JASON GMOSER, | ) |
| Plaintiff, | ) Case No. 20-cv-1294 |
| vs. | ) |
| | ) Chief Judge Sara Darrow |
| STUART INMAN, | ) |
| CLASS OFICER MARTIN, | ) |
| | ) JURY TRIAL DEMANDED |
| Defendants. | ) |

## DEFENDANT'S REPLY MEMORANDUM IN SUPPORT OF SUMMARY JUDGMENT

NOW COMES Defendant SHERRY MARTIN by and through her attorneys, MICHAEL D. BERSANI and CHRISTIAN E. KETTER of HERVAS, CONDON & BERSANI, P.C., and, pursuant to Federal Rule of Civil Procedure 56 and Local Rule 7.1, submits this reply in support of her motion for summary judgment.

## INTRODUCTION

Plaintiff admits Defendant's Rule 56.1 Statement of Facts (Pltf. Resp, d/e 26, p. 2), and therefore concedes that he did not submit a written grievance about Defendant, or the incident alleged in his suit, as required under the jail's administrative grievance procedures. On this basis alone, Defendant's motion for summary judgment should be granted. While Plaintiff argues that he orally complained about unrelated threats by other inmates at other times, these facts are immaterial. Strict compliance with the jail's grievance procedures is required. His suit, therefore, is barred.

## REPLY TO PLAINTIFF'S ADDITIONAL MATERIAL FACTS

1. Pursuant to the detainee handbook a detainee must attempt to informally resolve the issue before filing a grievance. Grievances should not be the only method for resolving an

issue. If a detainee cannot resolve the issue informally, he/she should explain why in the grievance. (Ex. B, LCJ Detainee Handbook, p. 7). Therefore, verbal or written requests to staff are the proper first step to the grievance process.

**RESPONSE:** **Undisputed but immaterial**. The Detainee Handbook additionally required that an inmate submit a written grievance within five days of the incident prompting the grievance and an appeal within 5 days of any unsatisfactory response to the grievance, neither of which Plaintiff submitted (*See* Def's. MSJ, d/e 19, SOF at ¶¶ 5-11 and 14-17).

2. Defendant Martin was notified of housing problems and threats against Plaintiff relating to his case around March 2019. (Ex. 1, Affidavit of Jason Gmoser, ¶ 9).

**RESPONSE:** **Disputed but immaterial.** Plaintiff did not submit a written grievance within 5 days of the incident prompting the grievance or an appeal within 5 days of any unsatisfactory response to the grievance as required under the Inmate Handbook (Def's. MSJ, d/e 19, SOF at ¶¶ 5-11 and 14-17). Further, Plaintiff's affidavit refers to a purported meeting (date unknown) which involved purported threats by inmates named Spann and Josh. If this meeting occurred in March of 2019, as Plaintiff represents, it is temporally immaterial. It is also substantively immaterial because it did not involve the incident alleged in this suit which occurred on June 1, 2020 and involved inmate Ellezar Torres (Defs. MSJ, d/e 19, ¶ 13).

3. Plaintiff notified staff about a housing problem on or around 5-28-19. (Ex. 1, Aff. Of Jason Gmoser, ¶ 10, Ex. 2).

**RESPONSE:** **Disputed but immaterial.** Plaintiff did not submit a written grievance within 5 days of the incident prompting the grievance or an appeal of any unsatisfactory response to the grievance as required under the Inmate Handbook (*See* Def's. MSJ, d/e 19, SOF at ¶¶ 5-11 and 14-17). Further, Plaintiff's affidavit refers to a May 2019 incident involving inmate Spann and a request that Plaintiff submitted. These facts are temporally and substantively immaterial. The Spann incident and request occurred over a year earlier and did not involve the incident alleged in this suit which occurred on June 1, 2020 and involved inmate Ellezar Torres (Defs. MSJ, d/e 19, ¶ 13). Further, a request is not a grievance (Defs. MSJ, d/e 19, ¶ 11).

4. Defendant Martin was made aware of housing problems and threats against Plaintiff relating to his case around 5-28-19. (Ex. 1, Aff. Of Jason Gmoser, ¶¶ 10-11).

**RESPONSE:** **Disputed but immaterial.** Plaintiff did not submit a written grievance within 5 days of the incident prompting the grievance or an appeal of any unsatisfactory response to the grievance as required under the Inmate Handbook (*See* Def's.

MSJ, d/e 19, SOF at ¶¶ 5-11 and 14-17). Further, Plaintiff's affidavit refers to a May 2019 incident involving inmate Spann and a request that Plaintiff submitted and a reclassification meeting. These facts are temporally and substantively immaterial for the reasons stated in response to paragraphs 2 and 3 above.

5. Plaintiff notified staff about a housing problem relating to his case on or around 8-2-19 (Ex. 1, Aff. Of Jason Gmoser, ¶ 12; Ex. 3).

**RESPONSE:** **Disputed but immaterial.** Plaintiff did not submit a written grievance within 5 days of the incident prompting the grievance or an appeal of any unsatisfactory response to the grievance as required under the Inmate Handbook (*See* Def's. MSJ, d/e 19, SOF at ¶¶ 5-11 and 14-17). Further, Plaintiff's affidavit refers to an August 2019 incident involving inmate named Chavez and a request to Sgt. Niles. These facts are temporally and substantively immaterial for the reasons stated in response to paragraphs 2 and 3 above.

6. Defendant Martin classified and placed dangerous inmates around Plaintiff between the end of May 2019 to May 30, 2020. (Ex. 1, Aff. Of Jason Gmoser, ¶ 13-14), This was accomplished by removing safe sex-offenders.

**RESPONSE:** **Disputed but immaterial.** Plaintiff did not submit a written grievance within 5 days of the incident prompting the grievance or an appeal of any unsatisfactory response to the grievance as required under the Inmate Handbook (*See* Def's. MSJ, d/e 19, SOF at ¶¶ 5-11 and 14-17). Further, Plaintiff's affidavit refers to an incident involving other inmates. These facts are temporally and substantively immaterial for the reasons stated in response to paragraphs 2 and 3 above.

7. Plaintiff notified staff about housing problems and threats against him relating to his case on 5-30-20. (Ex. 1. Aff. of Jason Gmoser, ¶¶ 14-15).

**RESPONSE:** **Disputed but immaterial.** Plaintiff did not submit a written grievance within 5 days of the incident prompting the grievance or an appeal of any unsatisfactory response to the grievance as required under the Inmate Handbook (*See* Def's. MSJ, d/e 19, SOF at ¶¶ 5-11 and 14-17). Further, Plaintiff's affidavit refers to an incident involving other inmates and a response by Sgt. Draper. These facts are temporally and substantively immaterial for the reasons stated in response to paragraphs 2 and 3 above.

8. Plaintiff requested protected housing in a sex-offender pod on 5-30-20 because of housing problems and threats against him relating to his case and was informed that LCJ does not provide protected housing to sex-offenders. (Ex. 1. Aff. of Jason Gmoser, ¶¶ 14-15).

**RESPONSE**: **Disputed but immaterial.** Plaintiff did not submit a written grievance within 5 days of the incident prompting the grievance or an appeal of any unsatisfactory response to the grievance as required under the Inmate Handbook (*See* Def's. MSJ, d/e 19, SOF at ¶¶ 5-11 and 14-17). Further, Plaintiff's affidavit refers to an incident involving other inmates and a response by Sgt. Draper. These facts are temporally and substantively immaterial for the reasons stated in response to paragraphs 2 and 3 above.

9. Defendant Martin was made aware of the housing problems and threats against Plaintiff relating to his case on 6-1-20. (Ex. 1. Aff. of Jason Gmoser, ¶¶ 14-15).

**RESPONSE:** **Disputed but immaterial.** Plaintiff did not submit a written grievance within 5 days of any incident prompting the grievance or an appeal of any unsatisfactory response to the grievance as required under the Inmate Handbook (*See* Def's. MSJ, d/e 19, SOF at ¶¶ 5-11 and 14-17). Further, Plaintiff's affidavit refers to an incident involving other inmates and a response by Sgt. Draper. These facts are temporally and substantively immaterial for the reasons stated in response to paragraphs 2 and 3 above. Further, Plaintiff's statement that Defendant Martin was made aware of the alleged housing problems and threats is not supported by any cited evidentiary material, and is inadmissible argument, speculation and hearsay.

10. Defendant Martin classified and placed Plaintiff around several violent gang members, resulting in his assault on 6-1-20. (Ex. 1, Aff. of Jason Gmoser, ¶¶ 15-16).

**RESPONSE:** **Disputed but immaterial.** Plaintiff did not submit a written grievance within 5 days of any incident prompting the grievance or an appeal of any unsatisfactory response to the grievance as required under the Inmate Handbook (*See* Def's. MSJ, d/e 19, SOF at ¶¶ 5-11 and 14-17). Further, while it is undisputed that Plaintiff was assaulted on June 1, 2020, Plaintiff's statement that Defendant Martin classified and placed Plaintiff around several violent gang members resulting in the assault is not supported by any cited evidentiary material, and is inadmissible argument, speculation and hearsay.

11. Plaintiff notified staff about threats against him relating to his case on 6-1-20. (Ex. 1, Aff. of Jason Gmoser, ¶ 16).

**RESPONSE:** **Disputed but immaterial.** Plaintiff did not submit a written grievance within 5 days of any incident prompting the grievance or an appeal of any unsatisfactory response to the grievance as required under the Inmate Handbook (*See* Def's. MSJ, d/e 19, SOF at ¶¶ 5-11 and 14-17). Further, Plaintiff's statement that he notified staff about threats is not supported by any cited evidentiary material, and is inadmissible argument, speculation and hearsay.

12. Plaintiff was forced to remain housed with several violent gang members after his assault and requesting protection on 6-1-20 and 6-2-20. (Ex. 1, Aff. of Jason Gmoser, ¶¶ 16-18).

**RESPONSE:** **Disputed but immaterial.** Plaintiff did not submit a written grievance within 5 days of any incident prompting the grievance or an appeal of any unsatisfactory response to the grievance as required under the Inmate Handbook (*See* Def's. MSJ, d/e 19, SOF at ¶¶ 5-11 and 14-17). Further, Plaintiff's statements are not supported by any cited evidentiary material, and is inadmissible argument, speculation and hearsay.

13. Plaintiff had no knowledge of Inmate Torres prior to the confrontation on 6-1-20. (Ex. 1, Aff. of Jason Gmoser, ¶ 19).

**RESPONSE:** **Undisputed** for purposes of summary judgment only.

14. Plaintiff followed the established grievance procedures multiple times; each time his administrative remedies were exhausted without once ever filing a formal jail grievance. (Ex. 1, Aff. of Jason Gmoser, ¶¶ 9-19)."

**RESPONSE:** **Undisputed** that Plaintiff never filed a formal written jail grievance. Otherwise, Plaintiff's statement that he followed the established grievance procedures multiple times and each time his administrative remedies were exhausted is not supported by the cited evidence and inadmissible argument. Plaintiff did not submit a written grievance within 5 days of any incident prompting the grievance or an appeal of any unsatisfactory response to the grievance as required under the Inmate Handbook (*See* Def's. MSJ, d/e 19, SOF at ¶¶ 5-11 and 14-17).

## ARGUMENT

### PLAINTIFF FAILED TO EXHAUST ADMINISTRATIVE REMEDIES AND THUS HIS SUIT IS BARRED UNDER THE PRISON LITIGATION REFORM ACT

The Seventh Circuit has repeatedly upheld require strict compliance with its local rules governing summary judgment. *See Bordelon v. Chicago Sch. Reform Bd. of Trustees*, 233 F.3d 524, 527 (7th Cir. 2000). To defeat summary judgment, a plaintiff must present a disputed issue of material fact and is not excused from the burdens of procedural requirements due to his *pro se* status. *Poole v. United States GAO*, 1 F. App'x 508, 510 (7th Cir. 2001); *see also Sokoya v.*

5

*Downey*, No. 06-2219, 2009 U.S. Dist. LEXIS 22647, at *6-7 (C.D. Ill. Mar. 20, 2009). Plaintiff did not dispute any of Defendant's facts and stated that all facts were "conceded to be undisputed and material." (Pl's Resp. d/e 26 at pp. 1). Defendant's facts, therefore, must be taken as true.

Plaintiff certainly knew how to submit a written grievance, and he knew the difference between a request and grievance (Defs. SOF, ¶ 12 – he submitted 350 requests and 33 grievances[1]). Yet, he conceded that he did not submit any written grievance about Defendant Martin, or any imminent threat of physical attack by another inmate, including Torres (whom he admitted he didn't even know before June 1, 2020), or about the June 1, 2020 incident itself; he also conceded that he did not submit any appeal to the jail superintendent or the Office of Jail and Detention Standards (Defs. SOF, ¶¶ 14-17). All of these steps are required to comply with LCJ's grievance procedures (*id.*). In fact, Plaintiff admits that not one of his 33 grievances addressed the issues raised in his lawsuit (Pltf. Resp., d/e 26, p. 6). On these grounds alone, his suit is barred.

Plaintiff's argument is that he verbally sought and received informal resolution of his complaints about other inmates as early as March of 2019 through June 2, 2020, and because his problems were resolved each time, i.e., he was removed to safer housing, he never felt in immediate danger from any inmate and therefore he was not required to go to the next step which is to submit a written grievance (Pltf. Resp., pp. 4-7).

At no point prior to filing his lawsuit is there any evidence that he expressed satisfaction with Martin's response to his informal verbal complaints about alleged threats from other inmates. By his own admission, he continued to complain. Furthermore, his argument directly contradicts the factual allegations in his Complaint. He alleged that he made repeated requests to

---

[1] Plaintiff admits that not one of his 33 grievances addressed the issues raised in his lawsuit (Pltf. Resp., d/e 26, p. 6).

Martin for protective housing, and his requests were *not productive* and, as a result, he was assaulted on June 1, 2020 (Compl., ¶ 7). He also alleged that he remained in general population *"under risk/threat of assault"* (Compl., ¶ 8). He further alleged that Martin knew of his status as a sex-offender and was deliberately indifferent to his need to be free of assault, and that he *was not* offered protected housing, and *the threat is on-going* (*id.*).

Plaintiff filed this lawsuit because he is allegedly aggrieved and injured and not satisfied with how he was treated. He cannot and should not be allowed to argue, on the one hand, that he was excused from complying with the grievance procedure because he was satisfied with Martin's response to his verbal complaints; yet, on the other hand, file a lawsuit factually alleging just the opposite. His attempt to manufacture an excuse for not complying with the jail's grievance procedure is obviously specious. The bottom line is that he never filed a written grievance before he filed suit. The PLRA requires strict compliance with internal grievance procedures by filing grievances and appeals as dictated by the jail's rules. *Reid v. Balota*, 962 F.3d 325, 329 (7th Cir. 2020) (*citing Woodford v. Ngo,* 548 U.S. 81, 90-91 (2006)). Plaintiff failed to do so and, therefore, his suit is barred.

## CONCLUSION

For the foregoing reasons, Defendant Sherry Martin's motion for summary judgment should be granted.

s/Michael D. Bersani
MICHAEL D. BERSANI, Bar # 06200897
CHRISTIAN E. KETTER, Bar #06331397
*Attorneys for Defendant, Sherry Martin*
HERVAS, CONDON & BERSANI, P.C.
333 Pierce Road, Suite 195
Itasca, IL 60143-3156
Phone: 630-773-4774 Fax: 630-773-4851
mbersani@hcbattorneys.com
cketter@hcbattorneys.com

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF ILLINOIS
URBANA DIVISION

| | |
|---|---|
| JASON GMOSER, | ) |
| | ) |
| Plaintiff, | ) Case No. 20-cv-1294 |
| | ) |
| vs. | ) |
| | ) Chief Judge Sara Darrow |
| STUART INMAN, | ) |
| CLASS OFFICER MARTIN, | ) |
| | ) JURY TRIAL DEMANDED |
| Defendants. | ) |

**CERTIFICATE OF SERVICE**

I hereby certify that on **January 18, 2021**, I electronically filed the foregoing ***Defendant Sherry Martin's Reply Memorandum in support of Summary Judgment pursuant to the PRLA*** with the Clerk of the District Court for the Central District of Illinois, using the CM/ECF system, and I sent the following to the non-CM/ECF participant, via certified mail, return receipt requested:

**TO:** Jason T Gmoser
Livingston County Jail
Livingston County Sheriff's Office
844 W Lincoln St
Pontiac, IL 61764
*Pro se Plaintiff*

                                          **/Michael D. Bersani**
                                          MICHAEL D. BERSANI, ARDC No. 06200897
                                          CHRISTIAN E. KETTER, ARDC No.
                                          *Attorneys for Defendants*
                                          HERVAS, CONDON & BERSANI, P.C.
                                          333 W. Pierce Road, Suite 195
                                          Itasca, IL 60143-3156
                                          P: 630-773-4774      F: 630-773-4851
                                          mbersani@hcbattorneys.com
                                          cketter@hcbattorneys.com